# EXHIBIT "E"

http://poststar.com/news/local/charges-tossed-in-police-conflict-case/article_d8a6be3e-66c8-11e4-8d88-0bbdef01ec18.html

‹
PREVIOUS

Two men seriously injured in four-wheeler accident

›

# Charges tossed in police conflict case

Don Lehman   Nov 7, 2014

GLENS FALLS -- Glens Falls Judge Richard Tarantino on Friday dismissed all charges against a Queensbury man who alleged police targeted him when his estranged wife began dating an officer, saying that continuing to prosecute the case would be "an injustice."

Tarantino tossed out two misdemeanor criminal contempt counts against David J. "D.J." Lanning of Queensbury, but Lanning and his lawyer, William Montgomery, were not happy with the way the dismissal occurred.

Because Tarantino threw out the case "in the interest of justice," Lanning never got the trial on the facts or dismissal for lack of evidence that he sought. A dismissal in the interest of justice also limits Lanning's options for a civil lawsuit for false arrest and malicious prosecution, Montgomery said.

Montgomery said dismissals on that basis have become a common way to "insulate" police and prosecutors from civil litigation.

Montgomery said he may appeal the dismissal and seek a trial so the facts of the case are exposed.

Lanning said he was glad to have the case behind him, but wanted someone held accountable for the $60,000 in legal fees, three days in jail and six months on house arrest that the arrests cost him.

In addition, an order of protection against him limited his contact with the couple's daughter for more than two years.

"I wanted a trial," Lanning said. "This has gone on for over two years and we have been demanding a trial since July of 2013."

Warren County District Attorney Kate Hogan said her office recently discussed the case with the estranged wife, Jamie Lanning, who said she did not want to go through a trial.

"We consulted with the victim, who at this point indicated, while she remained committed to her recitation of the facts, she didn't want the arduous process of a trial," Hogan said.

Montgomery said he plans to file a federal civil rights lawsuit on David Lanning's behalf against Glens Falls Police. Lanning has filed a notice of claim against the Warren County Sheriff's Office and Warren County over a related arrest in Queensbury.

Lanning has said he was targeted, starting in the summer of 2012 after Jamie Lanning began dating then-Glens Falls Police Officer Ryan Ashe.

Lanning was charged with felony criminal contempt in both Glens Falls and Queensbury over a matter of weeks in 2012.

The May 2012 Queensbury case stemmed from an alleged threat made to Jamie Lanning over the phone.

The September 2012 Glens Falls arrest occurred as Jamie Lanning and Ashe sat in a car outside her mother's home in Glens Falls while David Lanning dropped off the couple's daughter during a visit.

He was accused of "staring" at his wife at the court-ordered drop-off point for custody exchanges. Several police officers were waiting at the home to arrest him when he arrived to drop off his daughter.

Lanning was initially charged with felony criminal contempt, but the charges were reduced to misdemeanors with the consent of the Warren County District Attorney's Office.

Charges in the Queensbury Town Court case were dismissed during trial earlier this year, when the defense pointed out that the alleged victim lived in Kingsbury, where she said she received the threatening phone call, and not Queensbury.

Lanning has filed a notice of claim over the Queensbury arrest, alleging false arrest by the Sheriff's Office. The arresting sheriff's officer is a close friend of Ashe's and Ashe was a groomsman in the officer's wedding earlier this year, Lanning said.

Ashe was suspended from duty by Glens Falls Police in May 2013, shortly after he pulled over D.J. Lanning's car and wrote him numerous traffic tickets, which were also dismissed.

The suspension stemmed from three other disciplinary issues, and Ashe served a five-month suspension as the Police Department tried to fire him. He took a job with the Rutland, Vt., Police Department earlier this year.

The Police Department and Glens Falls Board of Public Safety said they investigated the Ashe/Lanning situation, and found no wrongdoing by Ashe or other members of the department.

## Don Lehman

Don Lehman covers crime and Warren County government for The Post-Star. His work can be found on Twitter @PS_CrimeCourts and on poststar.com/app/blogs.

In the Matter of the Claim of

DAVID LANNING,                                          NOTICE OF CLAIM

                         Claimant,          Claim No.:

    -against-

THE COUNTY OF WARREN and THE
WARREN COUNTY SHERIFF'S DEPARTMENT

TO:   Martin D. Auffredou, Esq., Warren County Attorney
        Pamela J. Vogel, Warren County Clerk
        Nathan H. York, Warren County Sheriff

      PLEASE TAKE NOTICE, that the claimant David Lanning hereby makes a claim and demand against the County of Warren and the Warren County Sheriff's Department, as follows:

      1.    The name and post office address of the claimant and of claimants attorney is, as follows:

      Claimant: David Lanning, ███████████., Queensbury, NY 12804.

      Attorney: William E. Montgomery, III, Esq., 130 Maple Street, PO Box 228 Glens Falls, New York 12801 (518-798-6885).

      2.    The nature of the claim is, as follows: Claimant claims he was subjected to false arrest; unlawful imprisonment; assault and battery; malicious prosecution; abuse of process; intentional infliction of emotional distress; slander and defamation; and, denial of equal protection as guaranteed by the U.S. Constitution and those rights guaranteed by the first, fourth, fifth, sixth, eight and fourteenth amendment, and corresponding rights as guaranteed by the New York State Constitution;

      3.    The time when, the place where and the manner in which the claim arose is, as follows: The claimant was unlawfully arrested, detained

1

and imprisoned on or about May 24, 2012 at approximately 3:00 am by Warren County Sheriff's Department officers Conine and LaFond, while at his residence located at ███████████, Queensbury, NY on the charges of aggravated harassment in the 2nd degree (PL240.30-1) and criminal contempt in the 1st degree (PL215.51-B5).

The arrest was made without probable cause and jurisdiction. The arrest was based solely on a statement of claimant's estranged wife Jamie Lanning, without further police investigation or the questioning of claimant. As a matter of fact and public knowledge, the alleged offense did not occur within the jurisdiction of County of Warren and the Warren County Sheriff's Department.

At the time of his arrest, claimant was handcuffed and then transported to and imprisoned at the Warren County Sheriff's Department. Thereafter, having been imprisoned for several hours, claimant was transported to and arraigned in Queensbury Town Court and bail was set. During the time periods mentioned, claimant was not allowed to get dressed prior to leaving his residence, but rather was transported and imprisoned in his boxers, tee shirt and socks, and thereafter arraigned in Queensbury Town Court.

The Warren County Sheriff's Department and its employees participated in the continuing investigation and prosecution of the claimant from the time of claimant's arrest through the trial.

After his arrest, claimant was prosecuted and on May 7 and 8, 2014 claimant was tried before a jury in Queensbury Town Court, after which the charges were dismissed in favor of the claimant.

Claimant claims the County of Warren and the Warren County Sheriff's Department and its employees knew there was no jurisdiction for the arrest, detention, imprisonment and the continuance of the prosecution of the claimant.

Claimant claims the County of Warren and the Warren County Sheriff's Department and its employees knew there was no jurisdiction for the arrest, detention, imprisonment and the continuance of the prosecution of the claimant was intentional and malicious.

Claimant claims the County of Warren and the Warren County Sheriff's Department and its employees knew there was no merit to the continuance of the prosecution and that the prosecution was an abuse of process in an effort to gain advantage over the claimant.

Claimant claims the County of Warren and the Warren County Sheriff's Department and its employees failed to provide proper oversight of its employees; failed to properly train its employees; failed to properly retain audio communication records; failed to proscribe rules and regulations necessary to ensure the integrity of the police reports and incident reports; failed to properly supervise its employees; and, failed to proscribe rules and regulations pertaining to the investigation, arrest and prosecution of persons.

Claimant claims that officers of the County of Warren and the Warren County Sheriff's Department and its employees altered police records, filed false statements and gave misleading and/or false testimony in their furtherance of the malicious prosecution of claimant.

Claimant further claims the actions of the County of Warren and the Warren County Sheriff's Department and its employees, were reckless, malicious and without probable cause.

3. Claimant David Lanning claims he has suffered monetary damages as a result of defending the charges which include, but are not limited to, attorney fees and disbursements; monetary damages for loss employment and earnings; physical injuries to his body; emotional and mental distress, humiliation, harassment and anxiety; public disparagement; conscious pain and suffering; and, compensatory and special damages.

4. The claim and demand are hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE that by reason of the foregoing, if there is a default by the County of Warren and the Warren County Sheriff's Department in paying the claimant David Lanning a fair and reasonable sum for the injuries set forth above, within the time limited for compliance with this demand as fixed by law, the claimant David Lanning,

intends to commence an action against the County of Warren and the Warren County Sheriff's Department to recover a money judgment, together with costs and disbursements, and such other and further relief to which he may be entitled as a matter of law.

Dated: August 5, 2014

_____
David Lanning
Claimant

_____
WILLIAM E. MONTGOMERY, III
*Attorney for Defendant*
130 Maple Street · P.O. Box 228
Glens Falls, NY 12801
Telephone: (518) 798-6885

## VERIFICATION

STATE OF NEW YORK)
                 ss:
COUNTY OF WARREN)

I, David Lanning, being duly sworn, deposes and says:

I am the CLAIMANT in the within action; I have read the foregoing Notice of Claim and know the contents thereof; and, the same are true to the best of my knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
David Lanning

Sworn to before me this
5th day of August, 2014

_____
Notary Public

WILLIAM E. MONTGOMERY III
Notary Public, State of New York
Qualified in Warren County
No. 02MO5030946
Commission Expires July 25, 19~~~~ 2018

4

```
 1  ------------------------------------------------
 2  In the Matter of the Claim of
    DAVID LANNING,
 3
                                Claimant,
 4
        - against -
 5
    THE COUNTY OF WARREN and THE
 6  WARREN COUNTY SHERIFF'S DEPARTMENT,
 7
                                Respondent.
 8
    ------------------------------------------------
 9

10

11      Deposition of Claimant, DAVID JOSEPH LANNING, JR.,

12  held pursuant to Section 50-H of the General Municipal

13  Law of the State of New York, on the 10th day of

14  November, 2014, commencing at 10:02 a.m., at the Warren

15  County Municipal Center, located at 1349 US Route 9, Lake

16  George, New York; before KELLY J. OWENS, a Shorthand

17  Reporter and Notary Public within and for the State of

18  New York.

19

20

21

22

23
```

DONNA MILLER MORAN
(518) 461-0044

**CERTIFIED ORIGINAL TRANSCRIPT**

```
 1    APPEARANCES:

 2           On behalf of the Claimant:

 3                  WILLIAM E. MONTGOMERY, III, ESQ.
                    130 Maple Street
 4                  P.O. Box 228
                    Glens Falls, New York  12801
 5                  (518) 798-6885

 6
             On behalf of the Respondent:
 7
                    LEMIRE, JOHNSON & HIGGINS
 8                  2534 Route 9
                    P.O. Box 2485
 9                  Malta, New York  12020
                    BY:  GREGG T. JOHNSON, ESQ.
10                       (518) 899-5700

11

12

13

14

15

16

17

18

19

20

21

22

23
```

```
 1                  S T I P U L A T I O N S
 2        IT IS HEREBY STIPULATED AND AGREED by and between
 3   the attorneys for the respective parties hereto that the
 4   signing and filing of the Notary's Oath be waived; that
 5   the examination be conducted before Kelly J. Owens, a
 6   Shorthand Reporter and Notary Public in and for the State
 7   of New York; that the filing of the transcript of the
 8   testimony in the Office of the Clerk of the Court be
 9   waived; that the examining party will furnish the
10   examined party one copy of the transcript of the
11   testimony as taken without cost or charge; that all
12   objections to questions, except as to the form thereof,
13   are specifically reserved to the time of the trial; and
14   that the transcript of testimony may be signed before any
15   Notary Public or other officer authorized to administer
16   oaths.
17
18
19
20
21
22
23
```

DONNA MILLER MORAN
(518) 461-0044

Witness: David Joseph Lanning, Jr.

1  Q  So you believe dispatch records were not available
2     or were not maintained?
3  A  I believe we asked for all audio and/or video
4     records to be supplied to us before trial and we
5     never got them.
6  Q  Okay. When was that request made?
7  A  As soon as we -- months and months before the trial
8     this past May. They would have been made to the
9     DA's office.
10 Q  What month? What year?
11        MR. MONTGOMERY: If you know.
12 A  I don't know.
13        MR. MONTGOMERY: Don't guess.
14 Q  Do you know what year?
15 A  It would have been in 2013 and '14.
16 Q  So, to your knowledge, those requests were made of
17    the District Attorney's Office; correct?
18 A  Yes.
19 Q  Okay. I direct your attention to Page 2 of the
20    Notice of Claim in front of you as Exhibit A. I'll
21    direct your attention to the first full paragraph on
22    page 2, beginning with: The arrest was made without
23    probable cause. Do you see that?

Witness: David Joseph Lanning, Jr.

| | | |
|---|---|---|
| 1 | A | Yes. |
| 2 | Q | Okay. And I want to direct your attention to the |
| 3 | | last sentence, in particular, which states: As a |
| 4 | | matter of fact, in public knowledge, comma, the |
| 5 | | alleged offense did not occur within the |
| 6 | | jurisdiction of County of Warren and the Warren |
| 7 | | County Sheriff's Department. Period. Do you see |
| 8 | | that? |
| 9 | A | Yes. |
| 10 | Q | Okay. And what is that in reference to? |
| 11 | A | That Jamie Lanning lived outside the County of |
| 12 | | Warren where she said the alleged crime occurred. |
| 13 | Q | And what crime was Jamie Lanning referring to, if |
| 14 | | you know? |
| 15 | A | She was alleging that I had called her and |
| 16 | | threatened to kill her. |
| 17 | Q | So she was at her home in what county at the time? |
| 18 | A | Washington. |
| 19 | Q | What was the address? |
| 20 | A | ███████████████████, Kingsbury, New York. |
| 21 | Q | And how do you know she was there at the time of |
| 22 | | this call? Did you call her there? |
| 23 | A | It's in her statement. |

DONNA MILLER MORAN
(518) 461-0044

Witness: David Joseph Lanning, Jr.

| | | |
|---|---|---|
| 1 | Q | Did you call her there? |
| 2 | A | I did not call her. |
| 3 | Q | Do you know where she was physically located on the |
| 4 | | 23rd of May 2012? |
| 5 | A | At what time? |
| 6 | Q | Any time. |
| 7 | A | At that moment, I would have not known. No. |
| 8 | | MR. MONTGOMERY: Are you asking him if he |
| 9 | | knew on the date of May 23rd where she was, or |
| 10 | | if he knows now? |
| 11 | | MR. JOHNSON: If he knows now. |
| 12 | A | Yeah. I know now, due to her testimony that she was |
| 13 | | at the home at ▮▮▮▮▮▮▮▮▮▮ in Kingsbury, |
| 14 | | up until 7:30 that evening. Then she went to where |
| 15 | | she worked in the City of Glens Falls, the Irish |
| 16 | | Pub, until around midnight. And then she came here |
| 17 | | to Warren County and filed a statement. And |
| 18 | | thereafter, I don't know. |
| 19 | Q | What's her cell phone number? |
| 20 | A | To tell you the truth, I don't recall. |
| 21 | Q | Has her cell phone number changed in the last three |
| 22 | | years? |
| 23 | A | I have no idea. I haven't had any contact with her. |